EXHIBIT
G

LiST for AssisTanT

~~Coxxxxxxxxx~~

- Copy of My Administrative Segregation Recommendation dated 09-11-06 That was Recommended and Authorized by Capt. Kearney - No, request through FOIL.

- Copy of Disposition that Concluded on 09-25-06 by Commissioner hearing officer Kennedy pertaining to the 09-11-06 Administrative segregation Recommendation recommended and Authorized by Capt. Kearney. Same

- All papers generating from or for this incident (All to/from Memos) - None

- A Copy of the restrictive Confinement Court order dated Sept. 29, 2006. Don't have - request through FOIL

- A Copy of the Court order for immediate release from Confinement pertaining to the restrictive Confinement Court order dated Sept. 29. 2006. Same

- Hearing Tapes for Administrative Segregation Hearing dated 09-18-06 - Not applicable

- All unusual incident reports - None

- Watch Commander log - No entry

Pg 2

## List for Assistant

- disciplinary history - given

- Administrative segregation directive - Chapter 59.6 — Given

- Conclusionary statements from Capt., Supt. and whomever else pertaining to z Administrative segre- gation hearing dated 09-18-06 - part of hearing packet - hearing expunged - records destroyed

- The entire hearing packet for the Administrative segregation hearing dated 09-18-06 - Expunged - records destroyed

- The entire hearing packet for the court order for restrictive confinement dated Sept. 28, 2006 - Don't Have

- copy of the UCC-1 forms with the several Wende employees names on it. - No, request at hearing

Witness Question

- Contact the Dept. of State of New York to see if it's
  illegal to obtain, ~~and~~ be in Possession of and file
  UCC-1 Financing Statement against anyone. - Yes

- Contact the Deputy Commissioner ~~of~~ Counsel to find out
  if it's illegal ~~unprocedue~~ for an inmate to be in
  Possession of UCC-1 forms, distributed by the Dept. of
  State of New York. - Yes - Violation of Rule 113.26
       of NYS Docs Standards of Inmate
              Behavior

EXHIBIT
#



| STATE OF NEW YORK | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| DEPARTMENT OF | WDE-28647-08 | I/28 | 4/28/08 |
| CORRECTIONAL SERVICES | Facility |||
| | Wende Correctional Facility |||
| INMATE GRIEVANCE PROGRAM | Title of Grievance |||
| CENTRAL OFFICE REVIEW COMMITTEE | Solitary Confinement Unlawful |||
| | Director's Signature *Lindquist Asst.* | | Date 7/9/08 |

7/9/08

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC asserts that the grievant was placed in administrative segregation status effective 3/20/08 and the decision was affirmed upon appeal by the Director of Special Housing and Inmate Discipline on 6/17/08. CORC advises the grievant to address any concerns regarding transfer to his assigned correction counselor, and any administrative segregation concerns to the Superintendent or his designee in accordance with Directive #4933, Section 301.4 (d) (4).

CORC defers to Departmental Directive #4040, INMATE GRIEVANCE PROGRAM, Section III. E. which states in part: ...that the individual decisions or dispositions of any current or subsequent program or procedure having a written appeal mechanism which extends review to outside the facility shall be considered non-grievable. Consequently, the grievance program cannot be used as an additional or substitute appeal mechanism. Accordingly, CORC assumes no jurisdiction in this issue.

CORC notes that Directive #4040, section VI. B states that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of the grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

JD/cm

-----------------------------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------------------------



EXHIBIT
I

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___ No ___

**WENDE CORRECTIONAL FACILITY**

NAME:   FLUDD, Jovan                DIN:   06-A-2055                Review Date:   12/2/08

Date placed in administrative segregation:        3/20/08                Date hearing held:   4/1/08

**A.**      **Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation:  Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration.  Now inmate Fludd was resubmitted due to similar actions inside the facility.  Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude:  Inmate Fludd continues to attempt to file improper liens against staff members.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation:  Inmate Fludd, if he was allowed in general population, would be a disruptive influence.  Inmates would be manipulated and staff would be concerned about his history of identify theft.

_____        _____        _____        _____
Guidance Counselor                Security Supervisor                Committee Chairman                Date

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.**      **Summary report and recommendation of the Central Office three-member committee:**  _____

_____
_____
_____
_____
_____
_____
_____

_____        _____        _____        _____
Staff-Inspector General                Staff - Counsel                Chairman - Facility Operations        Date

**C.**      **Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.      [✗] A determination has been made to continue your administrative segregation status for the following reason: _inmate they show no signs of modify his behavior and if allowed from Sita to genpop either he will continue his behavior_

_____
_____
_____
_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation.  The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_____        12/23/08
(Superintendent) (Deputy Commissioner for Correctional Facilities)        Date

*Attach inmate's statement(s) and additional pages as necessary*
cc:  Orig. - inmate's file     copies to:  SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___ No ___

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__     DIN: __06-A-2055__     Review Date: __2/1/09__

Date placed in administrative segregation: _____3/20/08_____     Date hearing held: __4/1/08__

**A.      Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation: Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration. Now inmate Fludd was resubmitted due to similar actions inside the facility. Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude: Inmate Fludd continues to attempt to file improper liens against staff members. Inmate Fludd knows and stated, his mail is watched, otherwise he would continue to disrupt people's lives.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation: Inmate Fludd, if he was allowed in general population, would be a disruptive influence. Inmates would be manipulated and staff would be concerned about his history of identify theft.

_____     _____     _____     __2/13/09__
Guidance Counselor            Security Supervisor            Committee Chairman            Date

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.      Summary report and recommendation of the Central Office three-member committee:** _____

_____

_____

_____

_____     _____     _____     _____
Staff-Inspector General         Staff - Counsel                 Chairman - Facility Operations     Date

**C.      Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.     [x] A determination has been made to continue your administrative segregation status for the following reason: _Inmate has shown no indicates that he would discontinue his actions if he was released from adm seg. Therefore for safety of our own staff inmate shall remain in Adm Seg status_

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation. The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_____     __2/15/09__
(Superintendent) (Deputy Commissioner for Correctional Facilities)     Date

*Attach inmate's statement(s) and additional pages as necessary*
cc: Orig. - inmate's file     copies to: SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes __ No __

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__          DIN: __06-A-2055__          Review Date: __4/1/09__

Date placed in administrative segregation: __3/20/08__          Date hearing held: __4/1/08__

**A.     Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation:  Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration.  Now inmate Fludd was resubmitted due to similar actions inside the facility.  Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude:  Inmate Fludd continues to attempt to file improper liens against staff members.  Inmate Fludd while not being overtly disruptive is still argumentative with staff indicating the when he is released he will continue filing claims as before.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation:  Inmate Fludd makes no secret that were he not in Administrative Segregation where his mail is watched and controlled, he would be filing claims against those that have incarcerated him and those that keep him incarcerated.

| | | | |
|---|---|---|---|
| _Guidance Counselor_ | _Security Supervisor_ | _Committee Chairman_ | _4-9-09_ Date |

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.     Summary report and recommendation of the Central Office three-member committee:** _____

_____
_____
_____
_____
_____
_____
_____
_____

| | | | |
|---|---|---|---|
| Staff-Inspector General | Staff - Counsel | Chairman - Facility Operations | Date |

**C.     Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.    [X] A determination has been made to continue your administrative segregation status for the
following reason: _Inmate Continues his ____ display his_
_intent to Continues his actions_

_____
_____
_____
_____
_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation.  The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

| | |
|---|---|
| (Superintendent) (Deputy Commissioner for Correctional Facilities) | _4/9/09_ Date |

_Attach inmate's statement(s) and additional pages as necessary_
cc: Orig. - inmate's file     copies to: SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___ No ___

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__     DIN: __06-A-2055__     Review Date: __6/1/09__

Date placed in administrative segregation: _____3/20/08_____     Date hearing held: __4/1/08__

**A.     Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation:  Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration.  Now inmate Fludd was resubmitted due to similar actions inside the facility.  Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude:  During this period, inmate Fludd, during a statewide inspection for UCC forms, was found to be in possession of his earlier UCC forms for Wende staff.  He also was in possession of business information from two other states, Secretaries of State (Nevada and Washington state).

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation:  Further inquiry is underway by Main Office Inspector General's Office as to the extent of Fludd's activity.  Counsel's Office is also aware.

_____     _____     _____     __6/8/09__
Guidance Counselor                    Security Supervisor                      Committee Chairman                 Date

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.     Summary report and recommendation of the Central Office three-member committee:** _____

_____

_____

_____

_____

_____

_____     _____     _____     _____
Staff-Inspector General                Staff - Counsel                         Chairman - Facility Operations      Date

**C.     Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.     [X] A determination has been made to continue your administrative segregation status for the
     following reason: _Inmate again was found in possession_
     _of ucc forms which if put forth only he has_
     _the intention of making his victims_

_____

_____

_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation.  The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_____     __6/22/09__
(Superintendent) (Deputy Commissioner for Correctional Facilities)     Date

*Attach inmate's statement(s) and additional pages as necessary*
cc: Orig. - inmate's file     copies to: SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___   No _X_

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__     DIN: __06-A-2055__     Review Date: __8/3/09__

Date placed in administrative segregation: _____3/20/08_____     Date hearing held: __4/1/08__

**A.     Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation:  Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration.  Now inmate Fludd was resubmitted due to similar actions inside the facility.  Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude:  During this period, inmate Fludd has maintained a low profile.  The department, as part of a statewide investigation, has changed directives to prohibit any unauthorized forms as those possessed by inmate Fludd.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation:  Further inquiry is underway by Main Office Inspector General's Office as to the extent of Fludd's activity.  Counsel's Office is also aware.  The Inspector General has picked up previously taken materials for use in this investigation.

| Guidance Counselor | Security Supervisor | Committee Chairman | Date |
| --- | --- | --- | --- |

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.     Summary report and recommendation of the Central Office three-member committee:** _____

_____

_____

_____

_____

_____

_____

_____

| Staff-Inspector General | Staff - Counsel | Chairman - Facility Operations | Date |
| --- | --- | --- | --- |

**C.     Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.   [✓] A determination has been made to continue your administrative segregation status for the
       following reason: _Due to the required further inquiry into the_
_extent of Fludds activity by central office inspector_
_Generals office._

_____

_____

_____

_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation.  The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_J. Schumacher  acting Supt_     _8/21/09_
(Superintendent) (Deputy Commissioner for Correctional Facilities)     Date

*Attach inmate's statement(s) and additional pages as necessary*
cc: Orig. - inmate's file     copies to:  SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___  No _Y_

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__   DIN: __06-A-2055__   Review Date: __4//1/10__

Date placed in administrative segregation: ____3/20/08____   Date hearing held: ____4/1/08____

**A.**     **Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation: Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration. Now inmate Fludd was resubmitted due to similar actions inside the facility. Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude: During this period inmate Fludd has maintained a low profile. However, reports indicate that inmate Fludd has been influencing other inmates to harass staff on the company as well as manipulating circumstances to cause other inmates to write complaints and grievances to further harass staff.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation: The fact that inmate Fludd is still influencing and manipulating other inmates in the Special Housing Unit speaks volumes to what he would do in general population. If he were allowed to house unfettered in general population, he would at the very least attempt to cause irreparable damage to individuals as well as the facility as a whole.

_____   _____   _____   __4/22/10__
Guidance Counselor            Security Supervisor           Committee Chairman       Date

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.**     **Summary report and recommendation of the Central Office three-member committee:** _____

_____
_____
_____
_____
_____
_____
_____
_____

_____   _____   _____   _____
Staff-Inspector General        Staff - Counsel           Chairman - Facility Operations    Date

**C.**     **Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.    [/] A determination has been made to continue your administrative segregation status for the following reason: _inmate has admitted he continue he has willed_ _____

_____
_____
_____
_____
_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation. The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_____   __6/22/10__
(Superintendent) (Deputy Commissioner for Correctional Facilities)    Date

*Attach inmate's statement(s) and additional pages as necessary*
cc: Orig. - inmate's file    copies to: SHU Sergeant, Guidance Unit, Inmate, DSS

Form 2170 (11/02)

Ref: 7NYCRR 301.4(d)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SIXTY-DAY ADMINISTRATIVE SEGREGATION REVIEW**

Directed Central
Office Review?
Yes ___  No ___

**WENDE CORRECTIONAL FACILITY**

NAME: __FLUDD, Jovan__   DIN: __06-A-2055__   Review Date: __6/1/10__

Date placed in administrative segregation: __3/20/08__   Date hearing held: __4/1/08__

**A.     Summary report of the facility three-member committee:**

Reasons why inmate was initially determined to be appropriate for administrative segregation: Initially inmate Fludd was court ordered Administrative Segregation for issues prior to incarceration. Now inmate Fludd was resubmitted due to similar actions inside the facility. Inmate Fludd was attempting to illegally gain personal information about staff members to place improper liens against their assets.

Information on the inmate's subsequent behavior and attitude: Inmate Fludd has stayed out of the limelight during this period. However, inmate Fludd has continued to influence other inmates to make complaints. He continues to be a negative influence on others in the Special Housing Unit as a means of harassing staff.

Other factors which may favor retaining the inmate in or releasing the inmate from administrative segregation: Inmate Fludd continues to influence other inmates in the Special Housing Unit. There is no indication that this behavior would stop if he was allowed back into general population. The damage he would inspire in general population would be much greater and more far reaching.

_____     _____     _____  6/2/10
Guidance Counselor                  Security Supervisor                  Committee Chairman            Date

**If Central Office review has not been directed, skip to C., below, for Superintendent's decision.**

**B.     Summary report and recommendation of the Central Office three-member committee:** _____
_____
_____
_____
_____
_____
_____
_____

_____     _____     _____  _____
Staff-Inspector General             Staff - Counsel                     Chairman - Facility Operations   Date

**C.     Decision of the (Superintendent) (Deputy Commissioner for Correctional Facilities):**

[ ] Release from administrative segregation.   [✓] A determination has been made to continue your administrative segregation status for the following reason: _Inmate Fludd would be a disruptive addition to population_
_____
_____
_____
_____
_____
_____

Prior to your next sixty-day review, you may write to the superintendent or designee to make a statement regarding the need for continued administrative segregation. The reason(s) stated in this notice, any written statement that you submit, as well as your overall custodial adjustment will be considered during the next scheduled review.

_____  6/17/10
(Superintendent) (Deputy Commissioner for Correctional Facilities)   Date

*Attach inmate's statement(s) and additional pages as necessary*
*cc: Orig. - inmate's file     copies to: SHU Sergeant, Guidance Unit, Inmate, DSS*



# WENDE CORRECTIONAL FACILITY
## Wende Road, PO Box 1187
## Alden, New York  14004-1187

### Office of the Superintendent

**TO:**        J. Fludd        #06A2055        G-37-12

**FROM:**     Robert A. Kirkpatrick, Superintendent

**DATE:**      April 10, 2008

**SUBJECT:**   **CORRESPONDENCE**

---

Effective immediately, as a result of your correspondence violations involving harassing behavior and upon approval of Counsel's Office, the following guidelines regarding your outgoing correspondence must be followed:

- You are not to be issued any envelopes or postage stamps.

- Anytime you wish to send out a letter(s), you shall provide the letter(s) to the 3-11 area supervisor.  You shall place a face sheet on each individual letter in which you clearly print the name and address of the person to whom you are addressing the letter and the nature of your relationship with that person.  Once the letter(s) is received in this format, the area supervisor will place the letter(s) in a large manila envelope clearly marked on the outside with your name and number, seal the envelope and forward the sealed envelope to the mail room.

- The mail room staff will forward your correspondence to the facility Deputy Superintendent for Programs.

Effective immediately, the following procedure will be implemented in relation to any correspondence to attorneys Jennifer Eisenberg and/or Michael Rodi:

- When you have mail to send to the above-listed parties, you are to notify the housing area officer that you have mail to send to Appellate Defender, Jennifer Eisenberg or Michael Rodi, Trial Counsel.  (You specify which one).

- The housing unit officer will contact his 3-11 area supervisor with the information.  Once the area supervisor is notified, he will meet with you no later than the next business day.  He will provide you with a large, pre-addressed envelope which you are to immediately place the documents in. you must then hand the envelope back to the supervisor who will inspect the contents for contraband only and he will then seal it.

**FLUDD 06A2055 – CORRESPONDENCE**
**April 10, 2008 – Page 2**

- The sealed envelope will be taken to the mail room where postage will be affixed by mail room staff.  NOTE:  You are allotted $1.95 limit for free legal per week (generally, five first-class letters).

- A log will be kept by mail room staff of the dates the letters are mailed out, including the amount of postage and to whom they were mailed.

- Be advised that the letters that you submit for mailing to counsel are to contain ONLY material for counsel and are not to contain any material for forwarding to other persons by counsel.

RAK:dc

c:      A. Annucci, Executive Deputy Commissioner
        K. Crowley, Deputy Superintendent/Programs
        T. Sticht, Deputy Superintendent/Security
        M. Kearney, Captain
        SHU Supervisor
        Correspondence Supervisor
        Guidance Folder
        File

# WENDE CORRECTIONAL FACILITY
## Wende Road, PO Box 1187
## Alden, New York  14004-1187

### Office of the Superintendent

| | | | |
|---|---|---|---|
| **TO:** | J. Fludd | #06A2055 | G-37-12 |
| **FROM:** | Robert A. Kirkpatrick, Superintendent | | |
| **DATE:** | April 17, 2008 | | |
| **SUBJECT:** | **CORRESPONDENCE** | | |

Effective immediately, as a result of a Notice of Appeal filed on the recent decision to vacate the Justice of Supreme Court Arlene D. Goldberg's decision, the following guidelines regarding your outgoing correspondence also must be adhered to:

- You are not to be issued any envelopes or postage stamps.

- Anytime you wish to send out a letter(s), you shall provide the letter(s) to the 3-11 area supervisor.  You shall place a face sheet on each individual letter in which you clearly print the name and address of the person to whom you are addressing the letter and the nature of your relationship with that person.  Once the letter(s) is received in this format, the area supervisor will place the letter(s) in a large manila envelope clearly marked on the outside with your name and number, seal the envelope and forward the sealed envelope to the mail room.

- The mail room staff will forward your correspondence to the facility Deputy Superintendent for Programs.  Upon her review, the correspondence will be forwarded to the court-appointed Special Master.

Effective immediately, the following procedure will be implemented in relation to any correspondence to attorneys Jennifer Eisenberg and/or Michael Rodi:

- When you have mail to send to the above-listed parties, you are to notify the housing area officer that you have mail to send to Appellate Defender, Jennifer Eisenberg or Michael Rodi, Trial Counsel.  (You specify which one).

- The housing unit officer will contact his 3-11 area supervisor with the information.  Once the area supervisor is notified, he will meet with you no later than the next business day. He will provide you with a large, pre-addressed envelope which you are to immediately place the documents in. you must then hand the envelope back to the supervisor who will inspect the contents for contraband only and he will then seal it.

**FLUDD 06A2055 – CORRESPONDENCE**
**April 17, 2008 – Page 2**

- The sealed envelope will be taken to the mail room where postage will be affixed by mail room staff.  NOTE:  You are allotted $1.95 limit for free legal per week (generally, five first-class letters).

- A log will be kept by mail room staff of the dates the letters are mailed out, including the amount of postage and to whom they were mailed.

- Be advised that the letters that you submit for mailing to counsel are to contain ONLY material for counsel and are not to contain any material for forwarding to other persons by counsel.

RAK:dc

c:    A. Annucci, Executive Deputy Commissioner
      J. Effman, Assistant Counsel
      K. Crowley, Deputy Superintendent/Programs
      T. Sticht, Deputy Superintendent/Security
      M. Kearney, Captain
      SHU Supervisor
      Correspondence Supervisor
      Guidance Folder
      File

# WENDE CORRECTIONAL FACILITY
## Wende Road, PO Box 1187
## Alden, New York  14004-1187

### Office of the Superintendent

**TO:**          **J. Fludd      #06A2055      G-37-12**

**FROM:**      Robert A. Kirkpatrick, Superintendent

**DATE:**       June 3, 2008

**SUBJECT:**      **CORRESPONDENCE**

---

Effective immediately, as a result of your correspondence violations involving harassing behavior and upon approval of Counsel's Office, the following guidelines regarding your outgoing correspondence must be followed:

- You are not to be issued any envelopes or postage stamps.

- Anytime you wish to send out a letter(s), you shall provide the letter(s) to the 3-11 area supervisor.  You shall place a face sheet on each individual letter in which you clearly print the name and address of the person to whom you are addressing the letter and the nature of your relationship with that person.  Once the letter(s) is received in this format, the area supervisor will place the letter(s) in a large manila envelope clearly marked on the outside with your name and number, seal the envelope and forward the sealed envelope to the mail room.

- The mail room staff will forward your correspondence to the facility Deputy Superintendent for Programs.

Effective immediately, the following procedure will be implemented in relation to any correspondence to attorneys Jennifer Eisenberg and/or Michael Rodi:

- When you have mail to send to the above-listed parties, you are to notify the housing area officer that you have mail to send to Appellate Defender, Jennifer Eisenberg or Michael Rodi, Trial Counsel.  (You specify which one).

- The housing unit officer will contact his 3-11 area supervisor with the information.  Once the area supervisor is notified, he will meet with you no later than the next business day.  He will provide you with a large, pre-addressed envelope which you are to immediately place the documents in. you must then hand the envelope back to the supervisor who will inspect the contents for contraband only and he will then seal it.

**FLUDD 06A2055 – CORRESPONDENCE**
**June 3, 2008 – Page 2**

- The sealed envelope will be taken to the mail room where postage will be affixed by mail room staff.  NOTE:  You are allotted $2.10 limit for free legal per week (generally, five first-class letters).

- A log will be kept by mail room staff of the dates the letters are mailed out, including the amount of postage and to whom they were mailed.

- Be advised that the letters that you submit for mailing to counsel are to contain ONLY material for counsel and are not to contain any material for forwarding to other persons by counsel.

RAK:dc

c:    A. Annucci, Executive Deputy Commissioner
      K. Crowley, Deputy Superintendent/Programs
      T. Sticht, Deputy Superintendent/Security
      M. Kearney, Captain
      SHU Supervisor
      Correspondence Supervisor
      Guidance Folder
      File

EXHIBIT
K



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
**WENDE CORRECTIONAL FACILITY**
WENDE ROAD, P.O. BOX 1187
ALDEN, NEW YORK   14004-1187
716- 937-4000

BRIAN FISCHER                                                                          ROBERT A. KIRKPATRICK
COMMISSIONER                                                                          SUPERINTENDENT

### MEMORANDUM

**TO:**           Law Library Officer

**FROM:**       K. Crowley, D.S.P.

**DATE:**       June 21, 2010

**SUBJECT:**   **PHOTOCOPIES**

When the Law Library copier is down, please make sure inmates who have court deadlines receive copies of what they need as soon as possible.  You may use the copier in the Disciplinary Office to make the necessary copies.  If for any reason you cannot get the copies made, please notify me in writing immediately.

Inmates who receive photocopy-in-lieu-of-text must be given the legal resources they request in a timely manner even when the copier is down.  Their requests cannot be returned to them with a notation that the copier is down.

 If it is not possible to have copies made during Law Library hours, the Office will take the material (with appropriate pages flagged) to the Watch Commander at the end of the shift.  The following morning, the DSP (or Acting DSP) will pick up the material from the Watch Commander and make the necessary arrangements to have copies made during the day.  The legal material and the copies will be returned to the Watch Commander by 1:00 p.m. in order for the Law Library Officer to pick them up on his way to the Law Library.

Per NYS DOCS Directive 4483 - Law Libraries & Inmate Legal Assistance and Notary Public Services, Section III A (D):

> Cell Study Services. Inmates prohibited by their confinement status from visiting the Law Library shall be allowed to study Law Library materials in their cells and obtain legal services normally available to general population inmates. **Such inmates may request, in writing, a maximum of two items per day and these will be delivered, if available, within 24 hours of receipt of the request.** Inmates may retain said legal materials for a period of not less than 16 hours nor more than 24 hours. ..."

If you have any questions, please feel free to contact me at ext. 4000.

cc:   D.S.S.
        Watch Commander
        file

EXHIBIT

L

FORM 1016B (REV. 6/99)          STATE OF NEW YORK · DEPARTMENT OF CORRECTIONAL SERVICES

**MEMORANDUM**

From/TO: DSP. K. CROWLEY

TO/FROM: co M. HOJSAN Law Library

SUBJECT: SHU Books.

DATE: 7/3/10

DEPUTY SUPERINTENDENT

JUL 0 6 2010

WENDE CORR. FACILITY

The INMates housed in SHU advised me that you stated they could receive books in SHU again. I told them I have not received anything confirming that books are allowed in SHU.

I would need a memo that states books are allowed in SHU before I start sending SHU INMates Books.

Respectfully,

M.

co M. HOJSAN

Officer Hojsan - we are going to follow the memo I sent you from Jean Botte re: Photocopies in lieu of text. So if there are some books we should be sending - please start doing so. You have to make sure the clerks check the book(s) before & after they are sent so they will know if they are damaged. Also anyone who has need a misbehavior report for destroying books in past

will not be allowed to ever
get books again.
        Call me if you have any
questions -

                          DSP

EXHIBIT

M

MAY 8, 2010

Jovan Fludd #06 A 2055

~~To: Rasheed Powell, Mental Health unit Chief~~

Re: Mental Health Concerns

    I am writing concerning the psychological effects I am currently experiencing as a result of being solitarily confined for over 3½ years without interruption.

    My confinement started with a failed attempt by superintendent Robert Kirkpatrick and captain Martin Kearney to place me in solitary confinement indefinitely on September 7, 2006. Immediately after the failed attempt, superintendent Kirkpatrick submitted an affidavit to the trial court seeking to keep me confined in the SHU indefinitely. A court order was recieved and I was held in the SHU without aa Hearing. With the assistance of an attorney, I successfully challenged the order and recieved relief of the unlawful court order about 18 months later. Upon learning of my victory, both superintendent Kirkpatrick and captain Kearney responded quickly by ~~commencing~~ another administrative segregation pro-cess and I have been in the SHU ever since. The constant retaliation resulting with all these years in solitary confinement is heavily weighing ~~down on my ability to clearly think and function~~ ~~without~~ while having to deal with emotions such as anger, anxiety, depression, and the fear that I will never be released from the SHU.

    I was told that superintendent Kirkpatrick and captain Kearney have a plan for coercing me into signing a contract that will result with the termination of existing ute ltms along with relinquishing my right to file additionals in the future by using solitary confinement as a tool for materializing such a plan. This information seems to be true judging from the reinstitution of the administration segregation status immediately after each of the two successful challenges. It seems as if I am trapped in a situation with absolutely no wins. At times I get so frustrated to the point of recieving severe migraines.

    ~~For years~~ ~~I have fought the idea of seeking professional help~~ from your department although I knew I was in need of it. I avoided seeking professional help for the sake of not looking weak, but I truely ~~believe it is time to put my pride to the side. I~~ ~~still~~ refuse to

Pg. 2

Succumb to the torture tool of Superintendent Kirkpatrick and Captain Kearney, but at the same time I am asking to be afforded private, periodic interviews (1 on 1s) with a member of your department to express mental health concerns. For clarity, I have no thoughts or intentions of harming myself and I am not requesting nor am I interested in receiving any psychotropic medications. I am just interested in the interviews. I hope that I can be accommodated.

Thank You

J. Shaw

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK )
COUNTY OF ERIE ) :S.S.:

I, JOVAN FLUDD #06A2055, being duly sworn deposes and says:

1. I am over 18 years of age and Reside at the Wende Correctional Facility, located at 3622 Wende Road, Alden, New York 14004-1187.

2. On the ___15___ day of ___OCTOBER___, 2010, I placed and submitted a true and exact copy of the within documents, which consists of:

  • A cover letter to the clerk of the U.S. District court
  • A completed civil cover sheet
  • A verified Motion For Preliminary Injunction –
  • A verified Motion to Proceed in Forma Pauperis
  • A completed and signed Authorization Form
  • A verified Civil complaint – 42 Pages
  • An Exhibit Package – 51 Pages

All above described documents have been given to the SHU Sergeant during Mail pick up in an unsealed envelope in accordance with Superintendent Robert Kirkpatrick's unlawful Memorandums to be placed in the Mail box For delivery to the Parties addressed below.

1. United States District Court clerk
   304 U.S. Courthouse
   68 court street
   Buffalo, New York 14202-3498

Respectfully Submitted

J. Fludd

JOVAN FLUDD #06A2055

Sworn to before me this
___15___ day of ___OCTOBER___, 2010.

Michael D. H.

NOTARY PUBLIC

Michael D Hojsan
Notary Public-State of NEW YORK
Qualified in ERIE County
My Commission Expires 11-9-2013