UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOVAN FLUDD,

                              Plaintiff,          DECISION & ORDER
                                                               10-CV-6603

vs.

BRIAN FISCHER, et al.,

                              Defendants.
_____

**Siragusa, J.** This matter is before the Court on Plaintiff's applications (Docket Nos. 3 & 11) for injunctive relief. Plaintiff seeks an Order transferring him from the "continuous, wicked, and blatant retaliatory acts [he is] experiencing from Defendant Superintendent Robert Kirkpatrick as he is desperately attempting to coerce the withdrawal of the above referenced action against him along with [Plaintiff's] complaint…." (Fludd Aff. (Docket No. 11) ¶ 2.) For the reasons stated below, the application is denied.

## BACKGROUND

Plaintiff is an inmate at Wende Correctional Facility and is in the Special Housing Unit ("SHU"). He alleges that he has been denied running water for two to three days at a time and has been unable to eat dinner as a result of, "the tampering of [his] food with [sic] aggressive demands for the withdrawal of the above pending action against Defendant Superintendent Robert Kirkpatrick…." (Fludd Aff. ¶ 5.) Plaintiff contends that he has been harassed by Corrections Officers Christopher Czarneck, Michael Reuse, and Sergeant P. Connolly. (*Id.* ¶ 4.) He further alleges that these acts "are cautiously performed behind [his] cell (on the SHU catwalk) to avoid the eye of the audio and video recorder." (*Id.* ¶ 5.)

Additionally, Plaintiff is requesting an immediate prison transfer.

On February 16, 2011, Robert A. Kirkpatrick filed a declaration in which he denied he was trying to coerce Plaintiff into dismissing the lawsuit, saying, "[t]his is a total fabrication and I deny the allegation." (Kirkpatrick Decl. ¶ 3.) He also stated that, "Plaintiff has made three application for transfers from Wende Correctional Facility," all of which were considered by "DOCS Classification and Movement Department and denied." (*Id*. ¶ 4.) Additionally, counsel filed a memorandum of law arguing that Plaintiff's "papers allege harassment by non-parties—a sergeant and two (2) corrections officers—but no irreparable harm," and additionally argued that Plaintiff had not shown a likelihood of success on the merits of his lawsuit. (Docket No. 18, at 2.)

On February 25, 2011, Plaintiff filed an additional affidavit in support of his application. (Docket No. 19.) He repeats the allegations made in his earlier affidavit (Docket No. 11). He points out, "there is absolutely no lawful justification for the defendants' retaliatory acts against petitioner concerning food and water deprivation for the sole purpose of forcing petitioner to discontinue the pending civil suit against Defendant Kirkpatrick and nor have the defendants stated their interest for such acts." (Docket No. 19, at 4.)

## INJUNCTION STANDARD

"A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995). In

*Tom Doherty*, the Second Circuit also discussed the requirements for a mandatory injunction:

> However, we have required the movant to meet a higher standard where: (I) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits….
>
> 1. Mandatory Injunctions
>
> The typical preliminary injunction is prohibitory and generally seeks only to maintain the *status quo* pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.* As noted above, this distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990) (injunction going beyond preservation of *status quo* requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). The "clear" or "substantial" showing requirement -- the variation in language does not reflect a variation in meaning -- thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039….
>
> Moreover, many mandatory injunctions can be stated in seemingly prohibitory terms. *See, e.g., Unifund SAL*, 910 F.2d at 1040 (imposing "substantial showing of likelihood of success" standard because "though the order is prohibitory in form, rather than mandatory, it accomplishes significantly more than preservation of the status quo"")….

*Doherty Assoc., Inc. v. Saban Entertainment, Inc.*, 60 F.3d at 34–35.

## ANALYSIS

Plaintiff seeks "[A]n immediate order for a prison facility transfer…." (Docket No. 11, at 4.) On the issue of irreparable harm, Plaintiff contends he has been deprived of running water "for two to three days at a time along with the inability to eat dinner meals for

consecutive days due to the tampering of [his] food with aggressive demands for withdrawal of the" lawsuit against Kirkpatrick, "or bear the consequences of death in the alternative." (Docket No. 11 ¶ 5.)

In *Streeter v. Hopper*, 618 F.2d 1178 (5th Cir. 1980), the Fifth Circuit found the following factual situation supported the district court's order transferring the inmates because of concerns about their safety:

> Plaintiffs testified that a prison officer with a reputation among inmates for violence came to administrative segregation when it was improper for him to be there and, in a conversation with Gary Krist, threatened the lives of Streeter, Lindsey and Krist. Although there was conflicting testimony as to the conversation which occurred, the credibility issue was apparently resolved in favor of plaintiffs by the district court.
>
> Plaintiffs also claimed to have received death threats from other, unnamed officers and inmates. They described certain areas of the prison in which other inmates had "run around" privileges enabling them to carry out such death threats.

*Streeter*, 618 F.2d at 1181-82. Plaintiff's statement here, "or bear the consequences of death in the alternative," is conclusory and, unlike the situation in *Streeter*, does not lead to the conclusion that "extreme or very serious damage will result from a denial of preliminary relief." *Doherty*, 60 F.3d at 34. From the context in which that statement is made, however, it appears that Plaintiff's primary complaint is the discomfort of being without running water and being harassed by three non-parties, whom he alleges are under Kirkpatrick's control. With regard to the harassment, Plaintiff described it as, "aggressive demands for the withdrawal of the above pending action against Defendant Superintendent Robert Kirkpatrick…." None of Plaintiff's allegations rise to the level of irreparable harm for which money damages would not be sufficient compensation should he establish liability on Defendants' part.

Turning to Plaintiff's burden to show a substantial likelihood of success on the merits, Defendants cite to *In re Fludd v N.Y.S. DOCS*, 62 A.D.3d 1149 (N.Y. App. Div. 3rd Dep't 2009). They contend that in *Fludd*, Plaintiff challenged his administrative segregation and lost. In *Fludd*, the Third Department held:

> Petitioner has not met his burden of establishing that he was denied a fair hearing…. The Hearing Officer permitted petitioner to call two witnesses that he requested during the hearing, and the witness testimony he had previously requested through his assistant was properly denied as immaterial or redundant to the proceeding…. The Hearing Officer's expressions of frustration with petitioner during the hearing do not establish that he did not receive a fair hearing or that the outcome flowed from bias or prejudgment….

*In re Fludd*, 62 A.D.3d at 1153. Under the doctrine of abstention, expressed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), this Court cannot act as an appellate court to review the decision of the Third Department.

With regard to the causes of action based on DOCS' officials compliance with the restrictive orders by the committing trial judge, Defendants have raised the statute of limitations, which, if applicable, would bar any claims that arose more than three years prior to the date of the complaint. Further, it is also possible that the doctrine of qualified immunity applies to those claims. The Court's review of the remaining causes of action in the Complaint do not convince it that Plaintiff has shown a substantial likelihood of success on the merits.

**CONCLUSION**

For the reasons stated above, Plaintiff's applications (Docket Nos. 3 & 11) are denied. The Court will issue a separate decision on the pending motion (Docket No. 6) for summary judgment.

SO ORDERED.

Dated:   July 7, 2011
         Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge