# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JOVAN FLUDD,

                        Plaintiff,

                                      DECISION & ORDER

-vs-

                                      10-CV-6603-CJS

BRIAN FISCHER, *et al.*,

                        Defendants.

## APPEARANCES

For Plaintiff:                Jovan Fludd, *pro se*
                                 06A2055
                                 Wende Correctional Facility
                                 P.O. Box 1187
                                 Alden, New York 14004

For Defendants:            Gary Levine, A.A.G. of Counsel
                                 New York State Office of the Attorney General
                                 144 Exchange Blvd, Suite 200
                                 Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.**  Plaintiff Jovan Fludd filed this pro se action seeking relief under 28 U.S.C. § 1983.  The case is now before the Court on Plaintiff's motion for temporary restraining order, January 27, 2012, ECF No. 29.  The Court held oral argument on the pending motion via video conference on July 11, 2012.  After considering the papers filed and hearing oral argument via video conference, Plaintiff's application is denied.

## DISCUSSION

Plaintiff commenced this action against eleven defendants at Wende Correctional Facility, including Deputy Superintendent Thomas Sticht ("Sticht"). Plaintiff maintains, *inter*

*alia*, that the defendants have unconstitutionally interfered with his mail.

In connection with this action, Plaintiff alleges that non-parties to the suit, Sergeant Darren McGuire and Corrections Officers Paul Londono and Michael Reuse, retaliated against him for filing the lawsuit against Sticht. Specifically, Plaintiff alleges that the non-parties tampered with his mail and "went a step further by demanding that petitioner perform the sexual act of masturbating before the officers along with allowing McGuire and Londono perform [sic] oral sex on petitioner." Pl.'s Aff. ¶ 4, Jan. 27, 2012, ECF No. 29. Plaintiff contends that such acts of harassment have occurred on more than twenty occasions since the filing of the suit in 2010. According to Plaintiff, the non-parties were acting as "goons," or agents of Sticht.

Plaintiff filed motion for temporary restraining order "to cease the retaliatory actions against the petitioner in the form of mail tampering and sexual harassment" on January 27, 2012, ECF No. 29.

Assuming *arguendo* that the Court does have jurisdiction over the non-parties, the Court nonetheless must deny Plaintiff's application for temporary restraining order. As clarified during video conference, what Plaintiff is really seeking is to be removed from Wende Correctional Facility.[1] The nature of such a request reflects mandatory injunctive relief, and not a temporary restraining order. The standard for granting injunctive relief is higher in situations such as this where the injunction sought "will alter, rather than maintain, the status quo." *Mitchell v. Goord*, No. 06-CV-6197, 2007 WL 925540, at *1 (W.D.N.Y.

---

[1] During the video conference, when the Court attempted to clarify the legal issues regarding the relief sought for the Plaintiff, Plaintiff became belligerent and shouted profane accusations at the Court.

March 23, 2007) (quoting *Tom Doherty Ass'n v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)).  Where the injunction is properly characterized as mandatory, "the moving party must make a clear or substantial showing of likelihood of success." *Id.*  Considering Plaintiff makes no accusations of retaliation in his Complaint,[2] Plaintiff has failed to demonstrate entitlement to mandatory injunctive relief.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for injunctive relief is denied.  The Court will issue a separate order regarding Defendant's motion to dismiss and for summary judgment.

IT IS SO ORDERED.

Dated:   August 15, 2012
         Rochester, New York

                        ENTER:

                                /s/ Charles J. Siragusa
                                CHARLES J.  SIRAGUSA
                                United States District Judge

---

[2] During video conference, the Court recommended to Plaintiff that he make an application to amend the Complaint to include the new allegations.  Plaintiff, however, contentiously represented his unwillingness to take advantage of the Court's suggestion.