UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOVAN FLUDD,

                                  Plaintiff,              MEMORANDUM and ORDER
    vs.

                                                        10-CV-6603-CJS-MWP

BRIAN FISCHER, *et al.*,

                                Defendants.
_____

**Siragusa, J.** This matter is before the Court on Plaintiff's motion for a preliminary injunction, filed on May 24, 2012, ECF No. 33. The Court discussed the motion at the video conference held with Plaintiff and counsel for Defendants on July 11, 2012. At the video conference, counsel for the Defendants asked for time to respond, which request was granted by the Court. On August 15, 2012, Defendants filed their response in the form of as affidavit from Thomas Sticht, currently the Deputy Superintendent of Security of the Wende Correctional Facility, and supporting documentation. Having now considered Plaintiff's application and Defendants' response, Plaintiff's motion for a preliminary injunction is denied.

According to his allegations, Plaintiff's correspondence is being restricted by Robert Kirkpatrick, Superintendent of Wende Correctional Facility and a defendant in this case. Fludd Aff. in Supp't of Mot. Requesting Prelim. Inj. for Corresp. Restrictions at 1. He contends that the restrictions imposed on him,

> completely den[y] Petitioner [sic] confidentiality when corresponding with family, friends, attorneys, and the courts as he is denied postal envelopes and stamps. Petitioner [sic] is only allowed confidentiality with two attorneys (Jennifer Eisenberg and Michael Rodi), which was arbitrarily decided by Defendant Robert Kirpatrick.

*Id*. In addition to asserting his own First and Fourteenth Amendment rights, Plaintiff also refers to the constitutional rights of those receiving his correspondence and cites to *Procunier v. Martinez*, 416 U.S. 396 (1974). *See Thornburgh v. Abbott*, 490 U.S. 401, 412 n.10 (1989) ("*Martinez* has been characterized in subsequent decisions of this Court as a case concerning 'written communication by inmates' to noninmate recipients."). Plaintiff also contends that the restrictions contravene the directives issued by the Department of Correctional and Community Services ("DOCCS") numbers 4421 and 4422. Fludd Aff. at 4. Further, he argues that the restrictions were imposed on him without notice or an opportunity to be heard, denying him due process rights under the Fifth and Fourteenth Amendments. *Id*. at 5.

> A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995).

In arguing that the restrictions impose hardships on him, which, in balance, tip decidedly in his favor, Plaintiff relies on language from a Second Circuit case:

> The distaste with which some observers view prolonged segregated confinement attaches as well to that kind of isolation flowing from restrictions on and censorship of prisoners' correspondence:
>
>> The harm censorship does to rehabilitation cannot be gainsaid. Inmates lose contact with the outside world and become wary of placing intimate thoughts or criticisms of the prison in letters. The artificial increase of alienation from society is ill advised.

*Sostre v. McGinnis*, 442 F.2d 178, 199 & n.43 (2d Cir. 1971) (quoting Singer, Censorship

of Prisoners' Mail and the Constitution, 56 A.B.A.J. 1051 (1970).). Plaintiff also quotes the following language from the same case:

> "Letter writing keeps the inmate in contact with the outside world, helps to hold in check some of the morbidity and hopelessness produced by prison life and isolation, stimulates his more natural and human impulses, and otherwise may make contributions to better mental attitudes and reformation."

*Sostre*, 442 F.2d at 199 (quoting *Palmigiano v. Travisono*, 310 F. Supp. 857 (D.R.I. 1970).

However, after reviewing Plaintiff's submission and in light of Defendants' response, the Court determines that Plaintiff has failed to meet his burden under Rule 65. Accordingly, Plaintiff's application for a preliminary injunction is denied without prejudice.

IT IS SO ORDERED.

Dated: August 22, 2012
       Rochester, New York

                ENTER:

                /s/ Charles J. Siragusa
                CHARLES J. SIRAGUSA
                United States District Judge